# UNITED STATES BANKRUPTCY COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 14 B 25220 |
| **Linda Graves Jelinek,** | ) | |
| | ) | Hon. Janet S. Baer |
| | ) | Hearing Date:  January 11, 2017 |
| **Debtor.** | ) | Hearing Time:   10:00 a.m. |
| | ) | |

## COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION

| | |
|---|---|
| Name of Applicant: | The Law Offices of David P. Leibowitz LLC, d/b/a Lakelaw |
| Authorized to Provide Professional Services to: | Debtor |
| Date of Order Authorizing Employment: | July 29, 2014, effective retroactively to July 8, 2014 |
| Period for Which Compensation is sought: | January 23, 2016, through and including December 7, 2016 |
| Amount of Fees sought: | $22,945.00 |
| Amount of Expense Reimbursement sought: | $422.29 |
| This is an: | Interim Application _____    Final Application  X_____ |

The aggregate amount of fees and expenses <u>paid</u> to the Applicant to date for services rendered and expenses incurred herein is:        $84,375.66

Applicant:
The Law Offices of David P. Leibowitz LLC, d/b/a Lakelaw

Date:   December 21, 2016          By:   /s/David P. Leibowitz

David P. Leibowitz (ARDC #1612271)
LakeLaw
53 W. Jackson Blvd., Suite 1610
Chicago, Illinois 60604
(312) 360-1501

UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 14 B 25220 |
| **Linda Graves Jelinek,** | ) | |
| | ) | Hon. Janet S. Baer |
| | ) | |
| | ) | Hearing Date: January 11, 2017 |
| **Debtor.** | ) | Hearing Time: 10:00 a.m. |
| | ) | |

### NOTICE OF MOTION

To:   **See Attached Service List**

**PLEASE TAKE NOTICE** that on **Wednesday, January 11, 2017, at 10:00 a.m.**, we will appear before the Honorable Janet S. Baer or such other Judge as may be presiding in that Judge's stead, in Courtroom 615, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, and present our **Final Application of David P. Leibowitz and Lakelaw as Counsel to Linda Graves Jelinek for Allowance of Compensation and Reimbursement of Expenses,** a copy of which is attached hereto and served upon you herewith.

Date:  December 21, 2016                                **The Law Offices of David P. Leibowitz LLC**
                                                         **d/b/a Lakelaw**

                                                         By:   _/s/ David P. Leibowitz_____

David P. Leibowitz (ARDC #1612271)
LakeLaw
53 W. Jackson Blvd., Suite 1610
Chicago, Illinois 60604
Phone: (312) 360-1501
Facsimile: (312) 360-1502

### CERTIFICATE OF SERVICE

On December 21, 2016, the undersigned certifies that on this date, she caused a copy of the above document to be served upon each person shown on the attached Service List by the methods indicated therein.

                                                         _/s/ Rachel A. Leibowitz_____
                                                         Legal Assistant

1

# SERVICE LIST

**Parties served via electronic notice through CM/ECF:**

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

M. Gretchen Silver on behalf of U.S. Trustee Patrick S Layng
ustpregion11.es.ecf@usdoj.gov,
gretchen.silver@usdoj.gov;denise.delaurent@usdoj.gov;maria.e.yapan@usdoj.gov

Sarah E Willms on behalf of Creditor JPMorgan Chase Bank, National Association
amps@manleydeas.com


**Parties served via First Class U.S. Mail:**

Patrick S. Layng
Office of the U.S. Trustee, Region 11
219 S. Dearborn St., Room 873
Chicago, IL 60604-2027

Linda Graves Jelinek
1722 Judson Street
Evanston, IL 60201-4518

UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 14 B 25220 |
| **Linda Graves Jelinek,** | ) | |
| | ) | Hon. Janet S. Baer |
| | ) | |
| | ) | Hearing Date: January 11, 2017 |
| Debtor. | ) | Hearing Time: 10:00 a.m. |
| | ) | |

**FINAL APPLICATION OF DAVID P. LEIBOWITZ AND LAKELAW AS COUNSEL TO LINDA GRAVES JELINEK FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

David P. Leibowitz and The Law Offices of David P. Leibowitz LLC d/b/a Lakelaw (collectively, "Lakelaw") apply to this Court pursuant to 11 U.S.C. § 330, Rules 2002(a)(6) and 2016(a) of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 5082-1 for the allowance of $22,945 in compensation for 62.9 hours of professional services rendered as counsel to Linda Graves Jelinek ("Debtor"), for the period beginning January 23, 2016 through and including December 7, 2016 ("Application Period"), and the reimbursement of $422.29 for actual costs incurred incident to those services. In support of this Application, Lakelaw states as follows:

**JURISDICTION & VENUE**

1.  This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant, *inter alia*, to 28 U.S.C. § 157(b)(2)(A) and (O).

3

2. By Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois, the District Court has referred all bankruptcy cases to the Bankruptcy Court for initial determination, as permitted by 28 U.S.C. § 157(a).

## BACKGROUND

3. Debtor commenced this case by filing her voluntary petition for relief under chapter 11 of the Bankruptcy Code on July 8, 2014 (Petition Date").

4. On August 6, 2014, the United States Trustee's Office conducted the Debtor's §341 meeting of creditors.

5. On November 20, 2014, Debtor filed her proposed chapter 11 plan, and she thereafter filed several amended plans, together with corresponding disclosure statements.

6. On October 19, 2016, Debtor filed her Sixth Amended Plan of Liquidation (the "Plan") and the Amended Disclosure Statement related thereto (the "Disclosure Statement"). A combined hearing concerning the adequacy of the Disclosure Statement and the confirmation of the Plan was held on December 7, 2016. On that date, the Court entered its order confirming the Plan and approving the adequacy of the Disclosure Statement.

## RETENTION OF LAKELAW AND PRIOR FEE APPLICATIONS

7. On July 29, 2014, this Court approved the retention of Lakelaw as § 327(a) counsel for the Debtor in this case, retroactive to the Petition Date.

8. On November 21, 2014, Lakelaw filed its first interim application in this case for compensation and reimbursement of expenses for the period beginning July 8, 2014, through and including October 31, 2014, seeking $31,192.50 in fees for 80.9 hours of professional services and $105.28 for actual costs incurred incident thereto.

9. On December 17, 2014, this Court entered an order granting the first interim application and awarding $31,192.50 in interim compensation and $105.28 in expense reimbursement.

10. On January 28, 2016, Lakelaw filed its second interim application in this case for compensation and reimbursement of expenses for the period beginning November 1, 2014, through and including January 22, 2016, seeking $53,032.50 in fees for 139.5 hours of professional services and $45.38 for actual costs incurred incident thereto.

11. On February 22, 2016, this Court entered an order granting the second interim application and awarding $53,032.50 in interim compensation and $45.38 in expense reimbursement.

12. Lakelaw now files this third and final application for compensation and reimbursement of expenses for the period beginning January 23, 2016 through and including the confirmation of the Plan on December 7, 2016.

## NATURE OF SERVICES PROVIDED BY LAKELAW

13. During the Application Period, Lakelaw assisted the Debtor by drafting and presenting a motion for approval of a sale of one of her Miami properties, the substantial proceeds of which provided a basis for resolving the objections that Chase Bank had filed in connection with Debtor's Fifth Amended Plan. Lakelaw engaged in extensive negotiations with counsel for Chase concerning the objections and methods of addressing same and ultimately was able to reach an agreement, which included payment terms for Chase Bank's two secured claims, requirements regarding auction bids, provisions for the modification of the plan injunction in specified circumstances, and other matters. Lakelaw then finalized and presented the agreed orders memorializing the agreement and proceeded with the drafting of the Sixth Amended Plan

5

and related Disclosure Statement to conform thereto.  Lakelaw then drafted the order setting the combined hearing on adequacy of the Disclosure Statement and confirmation of the Plan and fixing deadlines and prepared the solicitation materials, including the required notice of hearing and ballots for each class entitled to vote.  After the ballots were filed, Lakelaw drafted, filed, and served the Report of Balloting.  Finally, Lakelaw prepared for and attended the confirmation hearing and, after the Plan was confirmed, drafted and submitted the order approving the Disclosure Statement and confirming the Plan and prepared and served the required notice of entry of same.

Lakelaw also assisted the Debtor in connection with the general administration of the her estate, including the preparation and filing of monthly operating reports and quarterly fee statements, the drafting and presenting of a motion for authority to pay the priority portion of tax claims, and other matters.

14.    The time records attached to this fee application set forth in adequate detail the nature and extent of the services rendered by Lakelaw during the Application Period as counsel for the Debtor in this case.

15.    Throughout the Application Period, Lakelaw rendered 62.9 hours of legal and paraprofessional services to the Debtor, having an aggregate value of $22,945 for an average hourly rate of approximately $365.  All of the services for which compensation is requested were services that, in Lakelaw's billing judgment, were necessarily rendered after due consideration of the expected costs and anticipated benefits of such services.

16.    In an effort to provide the Court and parties in interest with understandable information concerning the amount and nature of Lakelaw's services during the Application Period, and in compliance with Local Bankruptcy Rule 5082-1, Lakelaw has classified its

services into six (6) separate categories: (a) asset disposition; (b) case administration; (c) litigation; (d) plan and disclosure statement; (e) tax issues; and (f) fee/employment applications.

17.   The following is a general description of the tasks performed in each of Lakelaw's principal categories of activity:

- **Asset Disposition** (Fees: $ 1,930.00 / Hours:  3.9)  Services rendered include conferring and corresponding with the broker for Debtor's Miami properties, drafting and presentation of a motion for authority to sell the real property located at 1344 15th Terrace in Miami Beach, conferring and corresponding with counsel for the title company to facilitate a timely sale, and drafting and transmission to said counsel of an affidavit, after expiration of the period for appeal from the sale order, concerning the rules governing appeals and motions to alter or amend or for other relief from judgment orders, the status of the docket regarding same, and the expiration of the subject appeal period.

- **Case Administration:** (Fees: $3,187.50 / Hours:  23.5)  Services pertaining to general administration of the case, including, among other things, preparing and filing monthly operating reports and quarterly fee statements, conferring with counsel for creditors, conferring with Debtor regarding selection of special counsel and other administrative matters, and attending to docket and scheduling matters.

- **Litigation:**  (Fees: $ 2,377.50 / Hours:  4.3)  Services rendered in this category include, *inter alia*, attendance at hearings on the United States Trustee's motion to dismiss and conferring with counsel in connection therewith, as well as attending to matters relating to the submission of the agreed orders resolving Chase Bank's objections to Debtor's plan.

- **Plan and Disclosure Statement:**  (Fees: $11,900.00 / Hours:  23.8)  Services include, *inter alia*, drafting of Debtor's 5th amended plan and disclosure statement, review of Chase Bank's objections thereto, extensive negotiations with counsel for Chase concerning the objections and methods of addressing same, drafting and revision of agreed orders resolving the objections, drafting of the 6th amended plan and disclosure statement to conform to the agreements reached with Chase concerning payment terms, auction bids, modification of the plan injunction, and other matters, conferences with Debtor to update her as to the foregoing and to request input regarding same, drafting the order setting the combined hearing on adequacy of the Disclosure Statement and confirmation of the Plan and fixing deadlines, drafting of the solicitation materials, including notice of hearing and ballots, drafting, filing, and serving the Report of Balloting, preparation for and attendance at the confirmation hearing, drafting the order approving the Disclosure Statement and confirming the Plan, preparation and service of the notice of entry of same, and preparation of calendar entries re providing notice of the Effective Date of the Plan, requesting discharge after plan payments made, and other matters.

- **Tax Issues:** (Fees: $850.00 / Hours: 1.4) Services rendered in drafting and presenting a motion for authority to pay the priority portion of the tax claims filed by the Internal Revenue Service and the Illinois Department of Revenue and conferences with Debtor and her accountant in connection therewith

- **Fee/Employment Applications:** (Fees: $4,085.00 / Hours: 10.7) Services pertaining to the employment of professionals, including preparation and presentation of a motion to retain the broker for Debtor's New Mexico property and a motion to employ special counsel for the Miami sale; also included are services rendered in the preparation of Lakelaw's second interim fee application.

## REQUESTED RELIEF

18. Lakelaw requests that it be allowed fees for work performed during the Application Period in the amount of $22,945, together with expenses of $422.29. Attached hereto as Exhibit A is a detailed itemization of the legal services performed.

## SUMMARY OF SERVICES RENDERED BY LAKELAW

19. In summary, the total compensation sought for each professional with respect to the aforementioned categories is as follows:

| NAME OF PROFESSIONAL PERSON | POSITION | HOURLY BILLING RATE | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---|---|---|
| GREEN, L. | SENIOR COUNSEL | $450.00 | 30.10 | $12,555.00[1] |
| LEIBOWITZ, D. | MANAGING MEMBER | $650.00 | 11.00 | $7,150.00 |
| J. STORER | ASSOCIATE | $375.00 | .50 | $187.50 |
| ZUNIGA, C. | ASSOCIATE | $375.00 | 3.80 | $1,275.00 |
| R. LEIBOWITZ | PARALEGAL | $175.00 | .50 | $87.50 |
| BESTWICK, S. | LEGAL ASSISTANT | $100.00 | 17.00 | $1,690.00 |
| **GRAND TOTAL:** | | | **62.9** | **$22,945.00** |

20. The summary of services by category is as follows:

---

[1] For certain professionals listed, the product of the number of hours billed multiplied by the billable rate yields a higher dollar amount than that shown for "Total Compensation Requested," because certain of the services were not charged to the estate, as shown in the attached Exhibit A.

8

| PHASE CODE | PHASE NAME | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---|---|
| **1.02** | ASSET DISPOSITION | 3.90 | $1,930.00 |
| **1.04** | CASE ADMINISTRATION | 23.50 | $3,187.50 |
| **1.10** | LITIGATION | 4.30 | $2,377.50 |
| **1.12** | PLAN/DISCLOSURE STATEMENT | 23.80 | $11,900.00 |
| **1.20** | TAX ISSUES | 1.40 | $850.00 |
| **1.07** | FEE/EMPL APPLICATIONS | 6.00 | $2,700.00 |
| **GRAND TOTAL** | | **62.9** | **$22,945.00** |

21. The hourly rates charged by Lakelaw in the course of its representation of the Debtor compare favorably with the rates charged by other Chicago metropolitan firms having attorneys and paralegals with similar experience and expertise. Further, the amount of time spent by Lakelaw with respect to representing the Debtor is reasonable given the difficulty of the issues presented, the time constraints imposed by the circumstances, the amounts at stake, and the ultimate benefit to the estate.

22. Lakelaw has always conscientiously attempted to avoid having multiple attorneys appear or convene on behalf of the Debtor. In certain circumstances, however, it may have been necessary for more than one of Lakelaw's attorneys to appear in Court at the same time. When possible, Lakelaw attempts to have one attorney handle multiple matters on the Court's calendar. Similarly, on certain occasions, Lakelaw may have had more than one attorney attend a meeting to strategize on issues that had particular import in this case. To the greatest extent possible, meetings, court appearances, negotiations, and other matters were handled on an individual basis.

23. Given the *Johnson* criteria codified in 11 U.S.C. § 330(a)(3), namely: (i) the nature, extent and value of the services; (ii) the time spent; (iii) the rates charged for such services; (iv) the performance of the services within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (v) the

9

reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, Lakelaw respectfully submits that the requested final compensation represents a fair and reasonable amount that should be allowed in full.

## EXPENSES INCURRED BY LAKELAW

24. The actual and necessary costs expended by Lakelaw during the Application Period are detailed below. The requested reimbursement amount for expenses incurred is $422.29. All of the expenses for which reimbursement is sought are expenses that Lakelaw customarily recoups from all of its clients.

25. All expenses incurred by Lakelaw were ordinary and necessary expenses. All expenses billed to the Debtor were billed in the same manner as Lakelaw bills non-bankruptcy clients. Further, the expenses for which reimbursement is sought constitute the types and amounts previously allowed by bankruptcy judges in this and other districts.

26. The specific expenses incurred during the Application Period are listed in Exhibit B attached hereto. A summary of those expenses, by category, is as follows:

| Category | Amount |
|---|---|
| Postage (U.S. Mail) | $ 129.19 |
| Copies | $ 293.10 |
| **TOTAL:** | **$ 422.29** |

## COMPLIANCE WITH 11 U.S.C. § 504

27.     Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between Lakelaw and any other firm, person or entity for the sharing or division of any compensation paid or payable to Lakelaw.

## NOTICE

28.     Notice of this Application, together with a copy of the Application, has been provided to the Debtor, the U.S. Trustee, and all parties that have requested or receive notice through CM/ECF.  In addition, a one-page notice of this Application (without the Application itself) has been mailed to all known creditors of the Debtor's estate, in accordance with the requirements of Bankruptcy Rule 2002(a), and a copy of said notice with certificate of service has been filed concurrent with the filing of this Application.

**WHEREFORE**, Lakelaw respectfully requests entry of an order:

A)   Allowing Lakelaw interim compensation in the amount of $22,945 for professional services rendered on behalf of the Debtor during the Application Period of January 23, 2016 through and including December 7, 2016;

B)   Allowing Lakelaw reimbursement of expenses incurred in the amount of $422.29 during the Application Period of January 23, 2016 through and including December 7, 2016;

C)   Finding that due and adequate notice has been given; and

D) Granting such other and further relief as may be equitable in the circumstances.

Date: December 21, 2016    **The Law Offices of David P. Leibowitz LLC d/b/a Lakelaw**

By: */s/ David P. Leibowitz*

David P. Leibowitz (ARDC #1612271)
LakeLaw
53 W. Jackson Blvd., Suite 1610
Chicago, Illinois 60604
Phone: (312) 360-1501
Facsimile: (312) 360-1502